Since I believe that inmates are among the persons intended to be protected by R.C. 5145.30(B), I believe that negligence per se was established in the trial court. I would therefore remand the case for an assessment of the damages caused by the failure of the state of Ohio to comply with R.C.5145.30(B).
The statute in question was enacted in the aftermath of the riots at the Southern Ohio Correctional Facility ("SOCF") at Lucasville. Inmates at SOCF used free-standing weights to batter their way into a space where corrections officers were trying to protect themselves during the early stages of the rioting. However, the rioting did not only end in the death of a corrections officer. The rioting also resulted in the killing of several inmates by other inmates. I believe that the enactment of the statute was a response to all the killing and damages which occurred during the riot, not just to the injuries inflicted on corrections officers. I also think the statute was enacted to avoid the improper use of the freestanding weights to inflict harm and injury. In light of this set of purposes for R.C. 5145.30(B), I see Mr. Doss as being one of the class of persons to be protected by the statute and, hence, capable of recovering under a negligence per se theory for violation of the statute.
Because the majority of this panel reaches a different conclusion, I respectfully dissent.